**FILED**
**April 5, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0669** (Mingo County A20-F72)

**Heather Musick,**
**Defendant Below, Petitioner**


# MEMORANDUM DECISION


Petitioner Heather Musick appeals the order of the Circuit Court of Mingo County, entered on June 2, 2021 (adjudging her guilty of first-degree robbery, grand larceny, burglary, conspiracy to commit robbery, conspiracy to commit grand larceny, and conspiracy to commit burglary), and the subsequent order, entered on June 22, 2021, sentencing her to a term of sixty-five to one hundred years of confinement in a state correctional facility.[1] Ms. Musick was resentenced for appeal purposes on July 22, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21.

Ms. Musick presents five assignments of error to attack her criminal conviction. She asserts that the circuit court erred in: (1) failing to address the mention of her prior criminal history in the presence of a juror; (2) excluding evidence of the details of a prior confidential settlement for which the victim received a monetary distribution; (3) prohibiting witness examination about the same settlement; (4) failing to find that there was insufficient evidence to support her criminal conviction; and (5) failing to address the State's failure to provide an updated Criminal Identification Bureau ("CIB") report of its witness prior to trial.

1.

We begin with Ms. Musick's fourth assignment of error, concerning the sufficiency of the evidence supporting her conviction, to present the central narrative relevant to the remainder of Ms. Musick's assignments of error.

At Ms. Musick's trial, the State presented a witness ("the victim") who testified that Ms. Musick burst into her home at approximately 1:00 a.m. in mid-2020. The victim knew and

---

[1] Petitioner appears by counsel Rico Moore. Respondent State of West Virginia appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General William E. Longwell.

recognized Ms. Musick. The victim testified that Ms. Musick left the home but returned approximately three hours later with an accomplice who aided Ms. Musick's attack on the victim. The accomplice began to search the home while Ms. Musick continued to beat the victim. The victim testified that before the two women left her home, Ms. Musick put a handgun into her mouth and told her that she would kill the victim and her children. The victim reported that several items were taken from her home during the attack, including a gun and currency totaling $27,000. Several of the items later were recovered from Ms. Musick's home, along with approximately $7,000 in cash.

We measure these facts against the following gauge:

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

We find that Ms. Musick's argument supporting her fourth assignment of error falls short of demonstrating error under this standard. First, we note that a jury could find, on the face of these facts, that Ms. Musick committed a crime. Second, though Ms. Musick was convicted of the several crimes listed at the outset of this decision, she briefly and broadly argues that a lack of *physical* evidence rendered the entirety of the evidence insufficient, without discussing her specific criminal convictions.[2] We have explained that "when reviewing a conviction, we may accept any adequate evidence, including circumstantial evidence, as support for the conviction." *Id.* at 668, 461 S.E.2d at 174. Furthermore, we have established that "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden." *Id.* at Syl. Pt. 3, in part. An appellant fails to meet that burden when he or she offers a mere cursory argument without discussing the criminal elements for the conviction or convictions he or she challenges, and without specifically identifying the State's failures of proof.

2.

Having provided the necessary background, we return to chronological consideration of Ms. Musick's assignments of error.[3] In her first assignment of error, Ms. Musick argues that the

---

[2] Ms. Musick's assertion that the State failed to offer physical evidence discounts testimony concerning the items recovered from her home.

[3] The facts and arguments supporting each assignment of error are cursory at best. In support of her first assignment of error, for example, Ms. Musick offers a four-sentence argument suggesting that "[o]nce this matter was brought to the attention of the lower court it should have (continued. . .)

circuit court erred because it did not "address or rule upon" a juror's mention of Ms. Musick's prior involvement with "either day report or drug court" during voir dire. Ms. Musick asserts that this occurred in the presence of individuals who eventually would be empaneled, but our review of the appendix record on appeal reveals that it is far from a foregone conclusion that the communication occurred openly. Importantly, Ms. Musick failed to raise an objection to this communication with the trial judge, who would have been positioned to commit the circumstances to the record. Because Ms. Musick did not object, we would review this assignment of error only for plain error. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). As already noted, it is not clear that an error occurred, and we decline to further address this issue.

3.

Ms. Musick's second and third assignments of error are substantially similar. She argues, in the second, that the circuit court erred in disallowing evidence of a confidential settlement agreement and, in the third, that the circuit court abused its discretion when it thwarted her attorney's attempts to ask about the origin of settlement money. She, in fact, offers no argument specifically supporting the second assignment of error, and appears to support the combined assignments of error with a two-sentence argument that is not specific to the relevant facts.

During trial, Ms. Musick's counsel asked the victim why she had $27,000 in her home. The victim responded, "It was mine. I just got a lawsuit settlement." The prosecuting attorney requested a bench conference and told the circuit court, "I provided [the settlement agreement] because I had [it], but with the understanding that it's confidential." The circuit court informed Ms. Musick's counsel that, because the terms of the settlement were confidential, "the source is not admissible." When told the source was not admissible, Ms. Musick's counsel unequivocally stated, "That's fine."

Because Ms. Musick's counsel agreed to forego further inquiry, and because Ms. Musick

---

been incumbent upon [the trial court] to address it in some manner at the very least." Of course, the crucial point is that the matter was *not* brought to the attention of the trial court. Ms. Musick fails to offer any argument concerning the actual communication of which she complains and further fails to articulate why the plain error doctrine should apply to this issue.

Arguments supporting the remainder of the assignments of error are similarly lacking, and we are compelled to urge our litigant's counsel to cautiously consider his responsibilities under our Rules of Appellate Procedure. At the very minimum, we expect to receive briefs containing "an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] appropriate and specific citations to the record on appeal[.] The Intermediate Court and the Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal." W. Va. R. App. P. 10(c)(7).

has offered no evidence of extenuating circumstances to persuade us otherwise, we are confronted with no reason to find that the circuit court erred under the applicable standard of review:

> ""Rulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion." *State v. Louk*, 171 W.Va. 639, [643,] 301 S.E.2d 596, 599 (1983).' Syl. Pt. 2, *State v. Peyatt*, 173 W.Va. 317, 315 S.E.2d 574 (1983)." Syl. Pt. 1, *State v. Shrewsbury*, 213 W.Va. 327, 582 S.E.2d 774 (2003).

Syl. Pt. 1, *State v. Kaufman*, 227 W. Va. 537, 711 S.E.2d 607 (2011). Ms. Musick has failed to demonstrate that the circuit court abused its discretion in its treatment of the confidential settlement agreement issue or in declining to hear explanatory testimony about the same.

4.

In her final assignment of error, Ms. Musick argues that the circuit court was "clearly wrong when it did not rule that the prosecution had failed to provide an updated CIB [report] of a witness prior to trial."[4] According to Ms. Musick, her attorney conducted a Google search on the first morning of trial and learned that the victim's background report provided by the State did not reflect charges the victim faced in Kentucky and Florida. The court did not allow Ms. Musick to introduce the fruit of her Google search because she was unable to lay a proper foundation. In response, Ms. Musick requested that the State be made to provide an updated report, but the circuit court denied that request on the ground that the State had provided the document that it had in its possession.

This assignment of error suggests that the State failed to comply with pretrial discovery.

> "Our traditional appellate standard for determining whether the failure to comply with court[-]ordered pretrial discovery is prejudicial is contained in Syllabus Point 2 of *State v. Grimm*, 165 W.Va. 547, 270 S.E.2d 173 (1980), and is applicable to discovery under Rule 16 of the Rules of Criminal Procedure. It is summarized: The non-disclosure is prejudicial where the defense is surprised on a material issue and where the failure to make the disclosure hampers the preparation and presentation of the defendant's case." Syl. Pt. 1, *State v. Johnson*, 179 W.Va. 619, 371 S.E.2d 340 (1988).

Syl. Pt. 2, *State v. Gary F.*, 189 W. Va. 523, 432 S.E.2d 793 (1993).

---

[4] It is not clear whether Ms. Musick requested that the State produce a background check prepared by the Criminal Identification Bureau of the West Virginia State Police (*see* W. Va. Code § 15-2-24) or one prepared by the National Crime Information Center ("NCIC"), a division of the Federal Bureau of Investigation. In the discussion surrounding her motion, petitioner's counsel referred to the requested document interchangeably as "a background report," "the State's NCIC," and a "background check." Counsel then requested that the circuit court direct the State to provide "an updated CIB."

Ms. Musick fails to provide information necessary for effective review. The matter concerns the adequacy of production responsive to discovery, but the appendix record on appeal contains neither the discovery request nor the produced document. We recently reiterated, in *State v. Delorenzo*, ___ W. Va. ___, ___ S.E.2d ___ (2022), that we take as "'non[-]existing all facts that do not appear in the [appendix] record'" (citation omitted). It is not apparent on the face of the appendix record on appeal that Ms. Musick's request encompassed material that was not provided to her. Based on the non-existing facts of the discovery exchange, we find no evidence that the State engaged in prejudicial non-disclosure. We conclude, therefore, that the circuit court did not err in denying Ms. Musick's request.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 5, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

5